THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 22-cr-54 |
| | ) | |
| vs. | ) | |
| | ) | |
| DARREN YOUNG | ) | |

## MOTION TO DISMISS II

Defendant, Darren Young, through his undersigned counsel, files this *Motion To Dismiss II* pursuant to Fed.R.Cr.P. 12(b)(3)(B)(v) (failure to state an offense) and in support thereof avers as follows:

1. Mr. Young is charged with – in federal criminal parlance – a 922(g)(1). Immediately, one thinks of a gun. But, this case is different. Mr. Young is charged with possessing just ammunition.

2. The <u>Indictment</u> alleges Mr. Young was a person, who

1

by way of a prior conviction, was not allowed to possess any ammunition and on November 4, 2021 he did.  18 U.S.C. Section 922(g)(1).  In short, Section 922(g) makes it a federal crime for any person, who has ever been convicted of a crime punishable by more than a year in jail, to possess ammunition inside or outside their home.  This blanket federal ban is punishable by up to 10 years of imprisonment. 18 U.S.C. Section 924(a)(2).

3.   As set forth in the *Indictment Memorandum*, which is consistent with our Circuit's standard jury instructions[1], there are 4 elements to this crime.  This motion focuses on just one.  It reads: "The Defendant's possession was in or affecting interstate or foreign commerce." *Indictment Memorandum*, pg. 2, ECF #4.

4.   It is Mr. Young's position that the criminalization of possessing ammunition that once traveled in interstate commerce allows the federal government to regulate any tangible item anywhere in the United States.  As such, this application of Section 922(g)(1) to Mr.

---

[1] See, Third Circuit Court of Appeals, Model Criminal Jury Instructions, Sections 6.18.922G (elements) and 6.18.922G-5 (In or Affecting Interstate or Foreign Commerce Defined).

Young is an unconstitutional extension of Congress' Commerce Clause[2] powers.  In addition, the statute is unconstitutional on its face because it does not have a substantial effect upon interstate commerce.

> **"Congress arguably could outlaw the theft of a Hershey kiss from a corner store in Youngstown, Ohio, by a neighborhood juvenile on the basis that the candy once traveled to the store from Hershey, Pennsylvania."**[3]

5.  Counsel is not blind to the legal mountain on the horizon.  However, there are significant characteristics of distinction that will allow this Court to rule in the manner Mr. Young proposes – dismiss the present indictment.

It has long been the law that the government need only show that the ammunition has been, at some time, in interstate commerce.  The source of that legal principle - the minimal nexus test - is the 1977

---

[2] Article I § 8 of the United States Constitution provides that: Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes . . . . U.S. Const. art. I § 8 cl. 1, 3.

[3] *Alderman v. United States*, 131 S.Ct. 700,702-03 (2011)(Thomas, J., dissenting from the denial of the petition for writ of certiorari).

3

decision from our Supreme Court – *Scarborough v. United States*, 431 U.S. 563 (1977). "The Court in *Scarborough v. United States* had the opportunity to address squarely 'whether proof that the possessed firearm previously traveled in interstate commerce is sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce.' 431 U.S. 563, 564, 97 S. Ct. 1963, 52 L. Ed. 2d 582 (1977). The Court accepted the Government's contention that it only need prove that 'the firearm possessed by the convicted felon traveled at some time in interstate commerce.' Id. at 568. Thus, the Scarborough Court established the proposition that the transport of a weapon in interstate commerce, however remote in the distant past, gives its present intrastate possession a sufficient nexus to interstate commerce to fall within the ambit of the statute. Because § 1202(a) is the predecessor to the current felon-in-possession statute, this statutory construction applies equally to § 922(g)(1)."[4]

The Third Circuit's *Scarborough* experience starts with *United States v. Gateward*, 84 F.3d 670 (3d Cir. 1996). There, the Court noted

---

[4] *United States v. Singletary*, 268 F.3d 196, 200 (3d. Cir. 2001).

the gun "had moved in interstate commerce" thereby allowing it to apply *Scarborough* and affirm the conviction. Id., at 672. Five years later, *Gateward* was re-examined because of the intervening U.S. Supreme Court decisions of *Morrison* and *Jones* and then also *Lopez*. This review took place in *United Staes v. Singletary*, 268 F.3d 196 (3d Cir. 2001). "[T]he precise question raised by Singletary [is]… whether the proposition established in *Scarborough* survives as a viable statutory construct in the wake" of these three cases. After analysis of each decision, the *Singletary* Court ruled "our prior decision in *Gateward* remains the law of this circuit, and we are bound to respect it, absent an en banc consideration." 268 F.3d at 204. This remains the law in this Circuit. See, *United Staes v. Shambry*, 392 F.3d 631 (3d Cir. 2004); *United States v. Davis*, 2022 U.S. App. LEXIS 25565 (3d Cir. 2022).

The Third Circuit is joined by a legion of other Courts of Appeals which have devotedly, one might say, blindly follow the *Scarborough*

minimal nexus rule.[5]  What is often overlooked is a very basic characteristic.  *Scarborough* is a statutory interpretation case.  *Lopez*[6] is a constitutional decision striking down an act of Congress for exceeding the limits of permissible legislative power under the Commerce Clause.

These two decisions have created tension.  As far back as the *Morrison* decision, the conflict between *Scarborough* and *Lopez* was apparent.  *Morrison*, 529 U.S. at 614 (citing *Lopez*, 514 U.S. at 557 ) (the tension between these cases "can be settled finally only by this Court.").  The "butting of heads" has created two, separate paths, if you will.  District courts – as a result of misreading *Scarborough* as a constitutional based decision – has led to over 30 years of genuflecting to their respective Circuit decisions resisting the Commerce Clause

---

[5] Eight courts of appeals have upheld § 922(g)(1) based solely on the *Scarborough* minimal nexus test. <u>See</u>, *United States v. Smith*, 101 F.3d 202, 215 (1st Cir. 1996); *United States v. Santiago*, 238 F.3d 213, 216–17 (2d Cir. 2001) (per curiam);  *United States v. Rawls*, 85 F.3d 240,242–43 (5th Cir. 1996); *United States v. Lemons*, 302 F.3d 769, 771– 72 (7th Cir. 2002); *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam); *United States v. Hanna*, 55 F.3d 1456, 1461–62, 1462 n.2 (9th Cir. 1995); *United States v. Dorris*, 236 F.3d 582, 584–86 (10th Cir. 2000); and *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

[6] Dbc…you need the ciation o flopez  here.

challenge being raised here.

While this homage has taken place, jurists are clamoring for help. Federal courts have "cried out for guidance from" the U.S. Supreme Court on this issue for decades. *Alderman v. United States*, 562 U.S. 1163, 1166 (2011) (Thomas, J., dissenting from denial of certiorari). The Fifth Circuit explicitly stated that "*Scarborough* is in fundamental and irreconcilable conflict with the rationale of the United States Supreme Court in [*Lopez*]." *United States v. Kuban*, 94 F.3d 971, 977 (5th Cir. 1996) (DeMoss, J., dissenting). See also, *United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996) (per curiam) (Garwood, J., concurring) (declaring that the statute would be unconstitutional under *Lopez* as a matter of first impression, yet *Scarborough* bound it 'as an inferior court . . . whether or not the Supreme Court will ultimately regard it as a controlling holding in that particular respect').

The Fifth Circuit is not alone. The Sixth Circuit has pointed out the widespread uncertainty about *Scarborough's* status after *Lopez*, *United States v. Patterson*, 853 F.3d 298, 301–02 (6th Cir. 2017). The 9th Circuit has similarly raised doubts. *United States v. Cortes*, 299

F.3d 1030, 1037 n.2 (9th Cir. 2002) (noting that doubts have been raised but choosing, "[u]ntil the Supreme Court tells us otherwise," to "follow *Scarborough* unwaveringly"). And, last, but certainly not least, is *United States v. Bishop*, 66 F.3d 569, 587–88, 588 n.28 (3d Cir. 1995) (noting that, until the Supreme Court is more explicit on the relationship between *Lopez* and *Scarborough*, a lower court is "not at liberty to overrule existing Supreme Court precedent").

6. This predicament is, perhaps, best exemplified by a recent decision from the 5th Circuit Court of Appeals[7]. In opposition to denying a petition for rehearing en banc, a judge wrote a dissent. It was joined by 3 others. Some highlights follow.

> "For too long, our circuit precedent has allowed the federal government to assume all but plenary power over our nation. In particular, our circuit precedent licenses the federal government to regulate the mere possession of virtually every physical item in our nation—even if it's undisputed that the possession of the item will have zero impact on any other state in the union. The federal government just has to demonstrate that the item once traveled across state lines at some point in its lifetime, no matter how distant or remote in time."

---

[7] *United States v. Seekins*, 52 F.4th 988 (5th Cir. 2022).

> "Rehearing this case en banc would have given us an ideal vehicle and welcome opportunity to reconsider our mistaken circuit precedent."

> "A panel of this court was duty-bound to uphold the conviction as a matter of circuit precedent. [citation omitted]. Accordingly, [he] argues that *Rawls* and its progeny warrant en banc review because they are 'premised on serious error' and are contrary to structural limits on the federal government's power under the Commerce Clause. I agree."

> "Our precedent on felon-in-possession statutes allows the federal government to regulate any item so long as it was manufactured out-of-state—without any regard to when, why, or by whom the item was transported across state lines. But that would mean that the federal government can regulate virtually every tangible item anywhere in the United States. After all, it's hard to imagine any physical item that has not traveled across state lines at *some* point in its existence, either in whole or in part."

> "Indeed, every member of the panel in *Rawls* recognized this problem. The entire panel specially concurred, noting that 'one might well wonder how it could rationally be concluded that mere possession of a firearm in any meaningful way concerns interstate commerce simply because the firearm had, perhaps decades previously before the charged possessor was even born, fortuitously traveled in interstate commerce.'"

52 F.4th at 989-992.

7. Mr. Young's possession of the ammunition, and assuming that is true, his conduct was pure local activity and was not "part of an economic 'class of activities' that have a substantial effect on interstate

commerce." *Gonzales v. Raich*, 545 U.S. 1,17 (2005).  Unlike the individuals involved in *Gonzales*, Mr. Young's conduct could not "affect price and market conditions." Id., at 18-19.

8.     In conclusion, the prosecution of Mr. Young is flawed because the statute – 922(g)(1) – is unconstitutional as applied to him and it is unconstitutional on its face.  The appropriate remedy is a dismissal of the Indictment.

WHEREFORE, Mr. Young requests this motion to dismiss, the second he has filed, be granted.

Respectfully submitted,

/s/David B. Chontos
*PA I.D. # 53442*
CHONTOS & CHONTOS, P.C.
561 Beulah Road
Turtle Creek, PA  15145
412 825 5450
david@chontoslaw.com

Counsel for Darren Young